Perkins v. Tulsa County Treasurer                                                                                                                   Doc. 12

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROGENA PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-CV-0687-CVE-FHM |
| | ) |
| DENNIS SEMLER, Tulsa County Treasurer, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Remand (Dkt. # 8). Plaintiff requests that the Court remand this action to Tulsa County District Court on the ground that she has not plead a violation of any federal statute and jurisdiction in this Court does not exist.

The rules governing removal to federal court are well-established, requiring parties who seek to be heard in federal court demonstrate either the presence of a federal question or complete diversity of parties. See 28 U.S.C. 1441. Since neither party asserts diversity jurisdiction in this case, the Court considers the presence of a federal question. As the Tenth Circuit has explained, it is the plaintiff's prerogative to include, or not, a claim arising under federal law:

> The presence of absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rules makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Felix v. Lucent Technologies, 387 F.3d 1146, 1154 (10th Cir. 2004) (internal citations and quotation marks omitted); see also Gwest Corp. v. Santa Fe, New Mexico, 380 F.3d 1258, 1264 n.1 (10th Cir.) ("By omitting federal claims from a complaint, a plaintiff can guarantee an action will be heard in

state court."). A defendant may not create federal question jurisdiction by anticipating a federal-defense. Id.

Having reviewed plaintiff's state court petition, the Court notes that it does not, with clarity, state the cause of action she intends to advance. Indeed, paragraphs one through seven of plaintiff's state court petition plead the elements of a cause of action under the Americans with Disabilities Act (ADA), giving the reader the strong impression that her claim arises under that statute. Plaintiff's motion to remand leaves no doubt, however, that she has permanently disavowed any ADA claims and has no wish to proceed under that federal statute. Absent a claim under the ADA, no federal question exists, and this Court has no jurisdiction over this action. Accordingly, this matter will be remanded to state court. The Court notes, however, that, while it declines to force plaintiff to pursue an ADA claim before this Court, she should not attempt to resurrect such a claim in state court, having so vigorously expressed her disinterest in bringing an ADA claim against defendant.

Plaintiff's motion to remand includes a request for attorney's fees. An order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has recently held that in the absence of unusual circumstances, a district court may award attorney's fees under § 1447(c) only when the removing party "lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005). As the Court has already pointed out, plaintiff's state court petition suggests that plaintiff seeks relief under the ADA, a federal statute, and defendant, therefore, acted reasonably in removing this matter to federal court on that ground. The Court denies plaintiff's request for attorney's fees. See id. ("[W]hen an objectively reasonable basis exists, fees should be denied."). It, likewise, denies defendant's request for attorney's fees.

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Dkt. #8) is hereby **granted.** The Court Clerk is directed to **remand this case to the District Court in and for Tulsa County, State of Oklahoma**.

**IT IS FURTHER ORDERED** that the parties respective requests for attorney's fees are hereby **denied**, and the parties will bear their own attorney's fees and costs.

**DATED** this 27th day of December, 2005.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT